UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW WRIGHT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0351-CVE-FHM |
| | ) | |
| OKLAHOMA DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and his Application to Proceed Without Prepayment of Fees of Affidavit (Dkt. # 2). In his complaint, plaintiff states that he "is the victim of various acts of fraud, falsification, slander, collusion, conspiracy, damage to his reputation and standing in the community, and other tortuous [sic] acts perpetrated" by defendant. Dkt. # 1, at 1. He claims that the Court has jurisdiction over his claims because the amount in controversy exceeds $100,000 and he consents to the Court's exercise of personal jurisdiction over him. Id. He demands $100,000 in compensatory damages and $10 million in punitive damages. He requests leave to proceed without prepayment of the filing fee, because almost all of his income "goes to mortgage, utilities, car payments, and legal fees for [his] wife." Dkt. # 2, at 2.

Before considering whether plaintiff may proceed in forma pauperis, the Court must determine if plaintiff has properly alleged a basis for the Court to exercise subject matter jurisdiction over this case. Plaintiff's complaint simply alleges that the amount in controversy exceeds $100,000. It appears that plaintiff's claims are based on state law, and he must satisfy the requirements of 28 U.S.C. § 1332 to invoke the subject matter jurisdiction of this Court. Section

1332 states that "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  Thus, plaintiff must allege that parties are diverse and that the amount in controversy exceeds $75,000 before this Court can exercise subject matter jurisdiction over his case.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).  Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, because plaintiff is proceeding pro se, the Court will construe his pleadings liberally when considering the allegations of his complaint.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).  Even liberally construing

plaintiff's complaint, the Court finds that it has no basis to exercise subject matter jurisdiction over this case. While plaintiff generally alleges that the amount in controversy exceeds $75,000, the complaint gives no indication of the citizenship of the parties and plaintiff has not alleged both elements required for diversity jurisdiction. However, the Court has reviewed the record in an attempt to determine plaintiff's citizenship under § 1332. The address listed on the complaint is a military base in Iraq, and it appears that plaintiff is a member of the armed forces. In plaintiff's motion to proceed in forma pauperis, he states that he owns a home in Claremore, Oklahoma, and it appears that he is a citizen of Oklahoma. Dkt. # 2, at 2. Membership in the armed forces does not change a person's citizenship for purposes of diversity jurisdiction, and plaintiff is still considered a citizen of Oklahoma under § 1332. See Gambelli v. United States, 904 F. Supp. 494 (E.D. Va. 1995) ("Particularly in the case of members of the armed forces, '[a] citizen of a state does not change his citizenship by entering the military service even though he is assigned to duties in another state or country . . . ."). Defendant Oklahoma Department of Human Services is a citizen of Oklahoma, and the parties are not diverse. Therefore, both elements of diversity jurisdiction are not satisfied, and plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed for lack of subject matter jurisdiction**, and his Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of July, 2009.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT